IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN CONLEY, CW-6224, )
    Petitioner, )
     )
    v. ) 2:13-CV-1521
     )
JEROME WALSH, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Shawn Conley for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for relief exists, that a certificate of appealability be denied.

II. Report:

Shawn Conley, an inmate at the State Correctional Institution – Dallas, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Conley is presently serving a 27 ½ to 55 year sentence imposed following his conviction by a jury of aggravated assault, criminal conspiracy, robbery and violation of the uniform firearms act at No. CC 9404013, and a consecutive ten to twenty year sentence imposed upon his plea of guilty to a charge of third degree homicide at No. CC 9813631 in the Court of Common Pleas of Allegheny County, Pennsylvania. The first sentence was imposed on November 13, 1995 and the second sentence was imposed on January 31, 2000.[1]

Conley now comes before this Court in a petition executed on October 8, 2013 and contends he is entitled to relief on the following grounds:

    1. Whether the juvenile defendant has a Constitution right to be treated differently than a[n] adult for purposes of sentences. I the petitioner was a juvenile at the time of my crimes under both criminal case numbers. I received the statutory maximum allowed by law on every charge, and under a mandatory sentencing scheme…

---

[1] See: Petition at ¶¶ 1-6.

2. Whether the brain science and social science cited in Miller constitute after-discovered evidence that could have changed the outcome of both criminal case Nos. had this evidence been available at the time of trial(s) to raise legal insanity as a proper defense?

3. Whether it was proper for the court to impose four separate sentencing enhancements for four different crimes [which] occurred during the same criminal episode.[2]

The petition here is subject to dismissal on any or all of the grounds which are discussed below.

Grounds 1 and 2 appear to be raised in the context of the determination in Miller v. Alabama, 132 S.Ct. 2455 (2012) which held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on 'cruel and unusual punishments'" In re: Michael J. Pendleton 2013 WL 5486170 *1 (C.A.3 2013). Conley's arguments are misplaced. First, Miller addressed the imposition of mandatory life sentences without the possibility of parole, a situation which clearly is inapplicable here. Second. Miller was decided on June 25, 2012, and the instant application was not executed until October 8, 2013 or over one year after the Miller decision and thus is time barred here. 28 U.S.C. §2244(d)(1)(C).[3] In addition, to the extent petitioner seeks to include the Court's reference in Miller to the progress in mental science, such is merely dicta and not a binding holding of the Court.

The third ground concerns the sentences that were imposed. At 2:06-CV-007, Conley raised this identical issue. That petition was dismissed as untimely on November 28, 2006 and no appeal was pursued. Thus, at this juncture consideration of this issue is barred under 28 U.S.C. 2244(b)(3)(A) without petitioner first securing authorization from the Court of Appeals to submit such a petition.[4]

---

[2] See: Petition at ¶12.
[3] 28 U.S.C. 2244(d)(1)(C) provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the constitutional right asserts was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Because it is not necessary, we do not address the retroactivity of Miller.
[4] 28 U.S.C. 2244(b)(3)(A) provides "before a second or successive application permitted by this section is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application."

Finally, we note that Conley presently has an appeal from the denial of post-conviction relief pending in the Superior Court of Pennsylvania at 774WDA 2013.[5] While ordinarily the pendency of the latter petition would warrant a dismissal for failure to exhaust, but where, as here, the petition is without merit the exhaustion requirement need not be imposed. 28 U.S.C.§ 2254(b)(2).[6]

Thus, for any or all of the reasons set forth above, it is recommended that the petition of Shawn Conley for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: November 13, 2013

United States Magistrate Judge

---

[5] See: Petition at ¶ p.8.
[6] 28 U.S.C. 2254(b)(2) provides "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State."